### FITTON and Wife v. FIRE INSURANCE ASS'N and others.

*(Circuit Court, D. Vermont. July 10, 1884.)*

1. **EQUITY—INCOMPLETE CONTRACT—CONSIDERATION—INSURANCE.**
    An agreement to pay the premium at the rate specified is a sufficient consideration to make the agreement a binding contract. Generally, whatever is agreed to be done is considered in equity as done. The agreement to insure may be considered in equity as insurance.

2. **SAME—REMEDIES.**
    When a contract is made out in any mode to be a preliminary contract of insurance instead of a completed contract of insurance, the remedies upon it are the same, and may be enforced in the same way. The right to proceed in equity in such case cannot be denied.

3. **SAME—INSURANCE AGENT—DELIVERY OF POLICY.**
    If the agents of five insurance companies make an agreement with a party to insure her premises in *four* of their companies, naming them, such party has not, after destruction of her premises by fire, and before any policies are delivered to her, a claim against the fifth company for the loss, even though each of the five companies had written out policies for her.

4. **SAME—PARTIES DEFENDANT.**
    If the agents of five insurance companies make an agreement with a party to insure her premises in four of those companies, naming them, such party has, after destruction of her premises by fire, a claim against the four companies named for the loss, even though there have as yet no policies been delivered to her, and such companies are proper parties in a suit to recover the loss.

In Equity.

*Martin H. Goddard,* for orators.

*Aldace F. Walker,* for Fire Insurance Association.

*W. S. B. Hopkins,* for other defendants.

WHEELER, J. From the allegations in the bill, which, on these demurrers, are to be taken as true, it appears that the duly-author-

ized agents of all the defendants agreed to bind, from August 20, 1883, $12,000 of insurance against loss by fire in the latter four of the defendant companies, at 3 per cent., on the property of the oratrix, and sent her a writing to that effect, without specifying anything about distribution of the risk among these companies. After a loss of the property the agents wrote policies in each of the defendant companies, dividing the amount into five equal parts among them, but, after learning of the loss, refused to deliver any of them, and all the defendants refuse to pay the loss.

On these facts the oratrix has not any claim, either at law or in equity, against the first defendant. The agents never entered into any preliminary contract to insure the oratrix in behalf of that company. If no companies had been named in the agreement with the oratrix, she probably might have held those which the agents intended to act for in that transaction, and the writing of the policies afterwards would be evidence of the intention. But here the companies bound are expressly named; and the contract of the oratrix was expressly with them, without leaving any room for implying any contract between her and other companies out of any intention or understanding of the agents, not known to or relied upon by her. And that company did not insure her, for the policy was not delivered to her, nor known of by her, until after the loss. She was not bound to receive it, and neither the agents or the company stood under any obligation to deliver it. Without delivery it was the act of but one party to it, which amounted to no contract at all as between the two, even if, with delivery, it would have been good after a loss not known at the time, without any contract providing for it previous to the loss. The contract with the other companies was an agreement to insure, not a contract of insurance.

The agreement to pay the premium at the rate specified was a sufficient consideration to make the agreement a binding contract. Generally, whatever is agreed to be done is, in equity, considered as done. The agreement to insure may in equity be treated as insurance. At law there could only be an action for the breach of the contract to effect the insurance. This might not be so full and complete a remedy as that which can be afforded in equity. The right to proceed in equity is well settled in such cases, in the courts of the United States, notwithstanding the statute establishing the boundaries of equity jurisdiction which has been in force from the beginning. Rev. St. § 723; *Tayloe* v. *Merchants' Ins Co.* 9 How. 390; *Commercial Ins. Co.* v. *Union Ins. Co.* 19 How. 321. The jurisdiction depends upon the nature of the contract, and not, as has been argued, upon the difficulty or nature of the proof.

In this case the evidence is, apparently, in writing, and easy of production, while in some cases it has been in correspondence and oral communications, not so readily at hand for the purpose. But when the contract is made out, in any mode, to be a preliminary con-

tract for insurance, instead of a completed contract of insurance, the remedies upon it are the same, and may be enforced in the same way. The right to proceed in equity in this case cannot be denied, without disregarding these decisions of the highest court.

The contract is an entire one with the authorized agents of all the companies. The meaning of it may turn out to be that each should insure for one-fourth; or that, as to the oratrix, all were bound *in solido* to the effecting of the insurance; or some other construction may prevail; but, whatever may be the ultimate result, all these defendants are liable upon it to the oratrix, and have a common interest in regard to it as between themselves, and all appear to be proper parties to this suit to enforce.

The demurrer is sustained, and the bill adjudged insufficient as to the Fire Insurance Association; and the demurrers are overruled as to the other defendants, with leave to answer over by the sixteenth day of August.